UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 AUG 30 PM 1:49

BY_____
DEPUTY CLERK

| | |
|---|---|
| CONCORD GENERAL MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff<br><br>    v.<br><br>MILLIE WINHAM, BRUCE WINHAM and MMG INSURANCE COMPANY,<br><br>    Defendants | Docket No.:<br><br>1:13-cv-232 |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the plaintiff, Concord General Mutual Insurance Company, by and through its counsel, and complains against defendants Millie Winham, Bruce Winham and MMG Insurance Company as follows:

1. Plaintiff Concord General Mutual Insurance Company (hereinafter "Concord") is a New Hampshire insurance company licensed to do business in the State of Vermont.

2. Defendant Millie Winham is a resident of Fair Haven, Vermont.

3. Defendant Bruce Winham is a resident of Fair Haven, Vermont.

4. Defendants Bruce and Millie Winham own Poultney Pallet, Inc. in Fair Haven, Vermont.

5. Defendant MMG Insurance Company (hereinafter "MMG") is a Maine insurance company licensed to do business in the State of Vermont.

6. The matter in controversy exceeds the sum or value of Seventy-five thousand dollars ($75,000), exclusive of interest and costs.

7. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).

8. On or about April 2, 2009, Millie Winham was injured when she was struck by a motor vehicle operated by Mr. Larry Gene Doty near the Maalaea Harbor in Maui.

9. Upon information and belief, at the time of the accident, Mr. Doty was employed as a dive master by Marine Charters, Inc. d/b/a Pride of Maui.

10. Upon information and belief, at the time of the accident, Mr. Doty was acting within the scope of employment with Marine Charters, Inc. d/b/a Pride of Maui.

11. At the time of the accident, Millie and Bruce Winham were walking with a group to go on a snorkeling tour with the Pacific Whale Foundation.

12. Millie and Bruce Winham retained counsel and filed suit against Mr. Doty in Hawaii (hereinafter "the Hawaii case"). Later, Marine Charters, Inc. and the Pacific Whale Foundation were joined as defendants in the Hawaii case.

13. Upon information and belief, at the time of the accident, Mr. Doty's vehicle was insured by Progressive Insurance.

14. At the time of the accident, Marine Charters was insured by National Casualty-Protection and Indemnity with available limits of $1,000,000.00 and Navigators Insurance Company-Excess Protection and Indemnity with available limits of $5,000,000.00.

15. At the time of the accident, Pacific Whale Foundation was insured by National Casualty-Protection and Indemnity with available limits of $1,000,000.00 and Northern Assurance Company of America-Excess Protection and Indemnity with available limits of $4,000,000.00.

16. The Hawaii case was submitted to mediation on or about September 28, 2012. The case settled for $1,500,000.00.

17. Neither the Winhams nor their counsel notified Concord of a tentative settlement, despite Concord's persistent requests for updated information concerning the status of the Hawaii case.

18. On or about November 20, 2012, Millie and Bruce Winham executed a Full and Final Release and Indemnity Agreement which released Pacific Whale Foundation and Marine Charters, Inc. "and all of their directors, officers, shareholders, employees [and] agents."

19. On or about May 7, 2013, Millie and Bruce Winham, through new counsel, contacted Concord and placed it on notice of a UM/UIM claim.

20. Concord issued a Personal Auto Policy to Bruce and Millie Winham under policy number 0216577 with a combined single limit of $300,000.00 with effective dates of coverage of July 1, 2008 through July 1, 2009. A copy of the policy is attached as Exhibit A.

21. MMG issued a Commercial Auto Policy to Poultney Pallet, Policy no. KA 0112717 with $1,000,000.00 in UM coverage with effective dates of coverage of April 20, 2008 through April 20, 2009.

22. The Concord Policy provides uninsured ("UM") coverage subject to certain terms, conditions, and exclusions. UM Coverage is afforded under Concord's policy by way of a Vermont Endorsement (PP 04 96 10 07) which provides as follows:

INSURING AGREEMENT

A. We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of:

1. "Bodily injury" sustained by an "insured and caused by an accident; and

2. "Property damage" caused by an accident.

    The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle."

We will pay under this coverage only if 1. or 2. Below applies:

1. The limits of liability under any bodily injury liability bonds or policies applicable to the "uninsured motor vehicle" have been exhausted by payment of judgments or settlements; or

2. A tentative settlement has been made between and "insured" and he insurer of a vehicle described in Section 2. of the definition of "uninsured motor vehicle" and we:

    a. Have been given prompt written notice of such tentative settlement; and
    b. Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

    Any judgment for damages arising out of a suit brought without our written consent is not binding on us.

23.     The Concord policy defines "uninsured motor vehicle" to mean a land motor vehicle or trailer of any type:

1. To which no liability bond or policy applies at the time of the accident.

2. To which a liability bond or policy applies at the time of the accident but its limit of liability is either:

    a. Less than the sum of the limits of liability applicable to the "insured" for Uninsured Motorist Coverage under this policy and any other policy; or

    b. Reduced by payments to others injured in the accident to an amount which is less than the sum of the limits of liability applicable to the "insured" for Uninsured Motorists Coverage under this policy and any other policy.

3. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

    a. Denies coverage; or
    b. Is or becomes insolvent within one year of the date of the accident.

24. The Concord policy contains the following exclusion, among others:

EXCLUSIONS

A. We do not provide Uninsured Motorists Coverage for "property damage" or "bodily injury" sustained by any "insured":

1. If that "insured" or the legal representative settles the "bodily injury" or "property damage" claim and such settlement prejudices our right to recover payment.

   However, this Exclusion (A.1.) does not apply to a settlement made with the insurer of a vehicle described in Paragraph 2. Of the definition of "uninsured motor vehicle."

25.    The Concord policy contains the following Limit of Liability section:

LIMIT OF LIABILITY

B. With respect to damages caused by an accident with a vehicle described under Paragraph 2. of the definition of "uninsured motor vehicle", the limit of liability for this coverage shall be reduced by all sums paid because of the "bodily injury" or "property damage" by or on behalf of persons or organizations who may be legally responsible. This includes all sums paid under Part A of this policy.

26. The Concord policy provides as follows with respect to the existence of other UM insurance available from other insurance carriers:

OTHER INSURANCE

If there is other applicable insurance similar to the insurance provided under this Part of the policy, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits However, any insurance we provide with respect to a vehicle:

1. You do not own, including any vehicle while used as a temporary substitute for "your covered auto"; or
2. Owned by you or any "family member" which is not insured for this coverage under this policy;

shall be excess over any other collectible insurance similar to the insurance provided under this Part of the policy.

27. The Concord policy contains the following under Additional Duties:

ADDITIONAL DUTIES

A person seeking Uninsured Motorists Coverage under Paragraph 2 of the definition of "uninsured motor vehicle" must also promptly:

1. Send us copies of the legal papers if a suit is brought; and
2. Notify us in writing of a tentative settlement between the "insured" and the insurer of the "uninsured motor vehicle" and allow us 30 days to advance payment to that "insured" in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such "uninsured motor vehicle."

28. The Concord policy contains the following provision with respect to its right to recover payment:

II. Part F – General Provisions

Part F is amended as follows:

A. The Our Right to Recover Payment Provision is amended as follows:

OUR RIGHT TO RECOVER PAYMENT

1. Paragraph B. is replaced by the following with respect to Uninsured Motorists Coverage:

If we make a payment under Uninsured Motorists Coverage, and the person to or for whom payment is made recovers damages from another, that person shall:

a. Hold in trust for us the proceeds of the recovery; and
b. Reimburse us to the extent of our payment less our share of all reasonable expenses uncured by that person in collecting the recovery. The expenses of recovery shall be apportioned between the parties as their interests appear at the time of the settlement or recovery.

2. The following is added:

Our rights do not apply under Paragraph A. with respect to coverage under Paragraph 2. of the definition of "uninsured motor vehicle" if we:

a. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "uninsured motor vehicle"; and
b. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification.

29. The MMG policy provides UM coverage subject to certain terms, conditions, and exclusions.

30. By letter dated August 3, 2103, Concord denied UM coverage for Millie and Bruce Winham. A genuine and authentic copy of the August 3, 2013 letter is attached hereto as Exhibit B.

31. Upon information and belief, MMG also denied UM coverage for Millie and Bruce Winham.

32. Millie and Bruce Winham maintain their right to UM coverage under Concord's policy and MMG's policy.

33. For these reasons, among others, a controversy has arisen between the parties hereto as to whether or not UM coverage for Millie and Bruce Winham exists under the aforementioned insurance policies resulting from the April 2, 2009 accident.

34. This Honorable Court should hear the foregoing controversy and declare the rights and obligations of the parties hereto under the aforesaid policies of insurance.

WHEREFORE, Concord General Mutual Insurance Company prays the Court:

1. Take jurisdiction of this matter and declare the rights and duties of the parties under the policy.

2. Enter a declaratory judgment that Concord's policy (Exhibit A) provides no uninsured/underinsured motorist coverage to Millie Winham and Bruce Winham.

3. If the Court declares that UM coverage is afforded Millie and Bruce Winham under both policies, to declare the rights and priorities of both policies.

4. Award such other relief as is just.

Dated in Burlington, Vermont this 30th day of August, 2013.

                        CONCORD GENERAL MUTUAL INSURANCE COMPANY

                        By: _____
                            Barbara R. Blackman, Esq.
                            Lynn, Lynn & Blackman, P.C.
                            Attorneys for Concord General Mutual
                            Insurance Company
                            76 St. Paul Street, Suite 400
                            Burlington, VT 05402

c:    Thomas J. Sherrer, Esq.
      Shapleigh Smith, Jr., Esq.